**John MILLS, Petitioner**

v.

**Hon. Roderick MESSER, Judge, Knox Circuit Court; and Commonwealth of Kentucky (Real Party In Interest), Respondent.**

No. 2007–SC–000663–OA.

Supreme Court of Kentucky.

June 19, 2008.

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

Petitioner, John Mills, petitions this Court for a writ of mandamus, requiring the Knox Circuit Court to permit him to secure the attendance of out-of-state witnesses at an evidentiary hearing concerning claims raised in a motion pursuant to RCr 11.42. In light of our recent decision in *Hodge v. Coleman,* 244 S.W.3d 102 (Ky. 2008), the petition is granted.

Petitioner was convicted of capital murder, robbery in the first degree, and burglary in the first degree, and sentenced to death for the murder conviction. The convictions and sentence were affirmed on direct appeal. *Mills v. Commonwealth,* 996 S.W.2d 473 (Ky.1999) (containing a more detailed discussion of the crimes underlying Petitioner's convictions). A year later, Petitioner filed a motion pursuant to RCr 11.42, alleging eighty-five claims of ineffective assistance of counsel. The Knox Circuit Court overruled the motion without a hearing, and Petitioner appealed. This Court remanded the matter to the trial court for an evidentiary hearing solely on the issues of Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct with respect to the possibility that another person killed the victim, and as to Petitioner's claims of ineffective assistance of counsel in the presentation of mitigating evidence during the penalty phase. *Mills v. Commonwealth,* 170 S.W.3d 310 (Ky.2005).

Prior to the scheduled hearing, Petitioner moved the Knox Circuit Court to execute a certificate stating that four persons were needed as material and necessary witnesses for the evidentiary hearing. The persons named in the motion, all of whom reside outside of Kentucky, are: Eddie Mott, a private detective who investigated the crimes; Dr. Carolyn Coyne, a medical examiner who conducted an autop-

sy of the victim; Truleen Barton, the victim's daughter; and Dr. Horatio Reinoso, a physician who testified as to Petitioner's intoxication at the time of the crimes. The Knox Circuit Court denied the motion, relying on this Court's decision in *Gall v. Commonwealth,* 702 S.W.2d 37 (Ky.1985). In *Gall,* we held that KRS 421.250, which provides a defendant the means to obtain a witness from out-of-state to testify in Kentucky, does not apply to RCr 11.42 proceedings. *Id.*

Petitioner now seeks a writ of mandamus, requiring the Knox Circuit Court to order the attendance of three of the out-of-state witnesses.[1] He argues that the testimonies of Mott, Coyne, and Barton are central to the presentation of facts alleged in the RCr 11.42 motion.

■ This matter was abated pending resolution of *Hodge v. Coleman,* 244 S.W.3d 102 (Ky.2008). In that case, we determined that indigent post-conviction petitioners are entitled to public funds under KRS 31.185 for the travel expenses of out-of-county witnesses in cases where a court has determined that an evidentiary hearing is necessary to resolve the post-conviction motion and where the appearance of such witnesses is necessary. *Id.* In order to be eligible for such witness expenses, a court must find that "(1) the petitioner's post-conviction petition raises an issue that cannot be resolved without an evidentiary hearing and (2) the proposed out-of-county witness's live testimony at the evidentiary hearing is necessary for a full presentation of the petitioner's case." *Hodge,* 244 S.W.3d at 104.

■ Thus, pursuant to *Hodge,* Petitioner has satisfied the first prong of this "threshold" requirement, as this Court has already determined that an evidentiary hearing is necessary to develop the claims of ineffective assistance of counsel and prosecutorial misconduct. *See Mills,* 170 S.W.3d at 342–43. However, Petitioner must also satisfy the heavy burden required for the extraordinary remedy of a writ of mandamus:

> A writ of "mandamus" *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004).

Here, Petitioner seeks a writ of the second nature. In *Hodge,* we granted a writ without a showing of irreparable harm in the interest of judicial economy: "[A] finding that Hodge and Epperson should merely raise these issues on a direct appeal seems an unreasonable burden on the proper administration of justice in that denying the writ would prevent Hodge and Epperson from presenting witnesses on their behalf at the post-conviction hearing that we have already ordered." *Hodge,* 244 S.W.3d at 110. Based on the same rationale espoused in *Hodge,* we conclude that Petitioner has satisfied the prerequisites necessary to the granting of a writ.

Accordingly, the petition for a writ of mandamus is granted. This matter is remanded to the Knox Circuit Court for determination as to whether Petitioner's

---

1. Petitioner does not seek a writ of mandamus compelling the Knox Circuit Court to order the attendance of Dr. Horatio Reinoso.

proposed out-of-state witnesses are necessary for a full-presentation of his case.

All sitting. All concur.

ENTERED: June 19, 2008.

/s/ Joseph E. Lambert
Chief Justice